09-3512-ag
Shao v. Holder

BIA
A073 568 657

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of March, two thousand ten.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge,*
 JON O. NEWMAN,
 GERARD E. LYNCH,
  *Circuit Judges.*

_____

LIANG WEI SHAO,
  *Petitioner,*

 v.                                          09-3512-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:     Galab B. Dhungana, New York, New
                    York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Anthony C. Payne, Senior
                    Litigation Counsel, Office of
                    Immigration Litigation; Lance L.
                    Jolley, Trial Attorney, Office of
                    Immigration Litigation, Civil
                    Division, United States Department
                    of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Liang Wei Shao, a native and citizen of the People's Republic of China, seeks review of a July 20, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Liang Wei Shao*, No. A 073 568 657 (B.I.A. July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). It is indisputable that Shao's motion to reopen was untimely. However, the time limitation does not apply if the alien establishes materially changed circumstances arising in the

2

country of nationality.  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

In denying Shao's motion to reopen, the BIA found that he failed to demonstrate a change in China's enforcement of the family planning policy.  Shao does not address this finding, and even concedes that the evidence he submitted demonstrated only an ongoing policy of persecution.  Because Shao failed to explain how his evidence demonstrated a change in circumstances arising in China, the BIA did not abuse its discretion in denying Shao's untimely motion to reopen.  *See* 8 U.S.C. 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  For these same reasons, Shao's due process claim is entirely without merit.  *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104-05 (2d Cir. 2006) (noting that due process "requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3